VANMETER, J., CONCURRING IN PART AND DISSENTING IN PART:
*895 I respectfully concur in part and dissent in part. I concur with so much of the majority opinion as holds that trial counsel's failure to advise Thompson of the sex offender registration was deficient performance. I dissent, however, with so much of the opinion as remands to the Hardin Circuit Court for another determination as to whether this deficiency caused Thompson prejudice. My reading of the trial court's order denying Thompson's RCr 11.42 motion is that the trial court clearly and unequivocally found that "even if the failure to advise was ineffective representation, Thompson has not and cannot show actual prejudice from counsel's actions." On this point, in its order denying, the trial court stated:
Assuming, arguendo, that counsel was ineffective under an improperly broad application of Padilla, Thompson cannot prove any resulting prejudice. A valid guilty plea must represent a meaningful choice between the probable outcome at trial and the more certain outcome offered by the plea agreement. Vaughn v. Commonwealth, 258 S.W.3d 435, 439 (Ky. App. 2008). Even when Padilla applies, a defendant must show that a decision to proceed to trial in spite of the risk ... must be rational.
In this case, an evidentiary hearing was conducted on a suppression motion. The file contains a considerable amount of evidence about the charges. The evidence of guilt against Thompson was compelling, and he has not alleged any meaningful defense. His competency and criminal responsibility were both evaluated, and no defense was found on any mental condition grounds. Thompson has provided nothing to show acquittal was likely.
Thompson was accused of repeatedly making written threats to a minor and members of her family, indicating that he would kill them. Thompson's own stepfather called the police and the minor's mother to ensure the safety of the minor. Thompson was then located in the parking lot of a local high school with a loaded firearm, waiting for the minor. Thompson faced a considerably longer sentence of decades had a jury convicted him of the original attempted murder charge. Even without that charge, he could have received a sentence of fifteen years to serve.
The choice between this probable outcome and the outcome promised by his plea deal was a meaningful one. Thompson cannot establish actual prejudice from the alleged ineffective representation, of his counsel. A decision by Thompson to proceed to trial because of the registration issue would not have been rational. Thompson is not entitled to relief pursuant to RCr 11.42.
In my view, the trial court comprehensively and accurately addressed the prejudice issue, notwithstanding its use of the word "arguendo," that a decision by Thompson to go to trial under the circumstances would not have been rational. Padilla, 559 U.S. at 372, 130 S.Ct. at 1485 ; Stiger, 381 S.W.3d at 237. I would affirm the Hardin Circuit Court's order denying Thompson's RCr 11.42 motion.
Wright, J., joins.